O’Nkali. J.
delivered the opinion of the Court.
Upon the second ground of appeal there is some diversity of opinion in the Court; it is therefore intended, that it should not be at all considered in this opinion. As to the first ground, we all agree with the Judge below, that the evidence mentioned in it was inadmissible, and could not be heard. The rule is well settled by cases in our Courts as well as elsewhere, that the testimony of a deceased witness, in a cause between the same parties, or their privies, and where the same matter was in issue, may be given in evidence. It would be enough to say, that the case in which the testimony was given, was not between the same parties, although involving the same question. The parties were, in that case, James Smith Colburn and William Mathews. One other person is a party. But at the trial of the case, in which Mordecai was examined, if the parties now before the Court had been parties, he also as a partner, must have been joined, and then he could not have testified. This makes it plain, that his testimony cannot be evidence now. Under the 3d and 4th grounds, the question arises, whether James Smith Colburn is liable to be charged with the debts claimed by the plaintiff? We agree with the Judge below, that he could not be charged as one of the makers of the notes sued on. They were not only not made during the time he is alleged to have been of the firm of B. P. Colburn & Co., but they were also not given as renewals of existing debts. They were liabilities created by B. P. Colburn and Mordecai, in *270 compounding for the debts of the firm. They were made at last by the ostensible partners, and all who were known to the plaintiff, or the persons to whom the notes were made, and upon whoso credit they were endorsed or accepted. It is. therefore plain, that James Smith Colburn, who can, in no event, be regarded as a partner at the making of the notes, cannot be bound by them. But we do not agree to the position contained in the charge of the Judge below, that “if the plaintiff, by the endorsement of those notes, and the subsequent payment of them, had satisfied old debts of the concern, for which James Smith Colburn might have been made liable, he, the plaintiff» was entitled to recover on the money counts of his declaration, as for money paid and expended to the use of the defendant.”
The rule is clear, that “no person can, by a voluntary payment of the debt of another, make him that man’s creditor, and recover from him the amount of the debt so paid;” that the plaintifl cannot, in the most favorable point of view, be regarded as standingon any other ground, than,as having without request, in fact, or legal necessity, paid the debts ofB. P. Colburn & Co., including, as he alleges, Janies Smith Colburn. For the debts which he has paid, are beyond all doubt the debts of B. P. Colburn and Mordecai. The former debts were compounded as the debts of the same persons, and paid by these notes, endorsed by Mr. Mathews. If James Smith Colburn is to be regarded as a member of the firm, the payment thus made, if it can at all be ascribed to the plaintiff, is purely voluntary; for there was no necessity, so far as he was concerned, that Mr. Mathews should pay his debts, for the other partners liquidated them. He had ceased to be a member of the firm; and if there be any right to charge James Smith Colburn, it cannot be on the money paid, it must be on the old debts themselves. But we don’t place the case on this narrow ground. We think that James Smith Colburn can, in no aspect, be charged by the plaintiff, with the debts now before the Court. The payment of the old notes or debts was made by the notes of B. P. Colburn and Mordecai, endorsed by Mathews; being accepted as satisfaction from B. P. Colburn and Mordecai, it was their payment. Could they have recovered against James *271 Smith Colburn? Their release, executed at the settlement between them and him, prevents the possibility oí that. How can the plaintiff claim under such circumstances? But this case, in fact, stands upon still plainer grounds. If it be conceded that the firm of B. P. Colburn & Co. originally consisted of B. P. Colburn, Mordecai, and James Smith Colburn, still it is plain, that on the 20th November. 1841, that firm ceased to exist, so far as James Smith Colburn was concerned. He then retired from the concern, leaving it in the entire possession of all its assets. The continuing partners, as I understand from the testimony, compounded the old debts at 50 cents in the dollar, and the plaintiff endorsed for them. This, unquestiona-ably is any thing else than a right to charge the defendant, James Smith Colburn. The plaintiff and the other members of the firm, have paid what the continuing partners undertook to pay, by their release of the liability of the retiring partner to them. The debts, therefore, paid by the plaintiff, are in law, the debts which he supposed them in fact to be, the debts of B. P. Colburn and Mordecai, constituting, certainly, after the 20th November, 1841, the firm of B. P. Colburn & Co.
The motion for a new tidal is granted.
Wardlaw J., Frost J., Withers J., concurred.